IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY PIERCE #01813502 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv518 |
| LISA GARRETT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Anthony Pierce, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are TDCJ-CID officers Susan Cunningham and Lisa Garrett.

**I. Background**

Pierce complains that on September 15, 2015, his personal property and property papers were confiscated by Officer Cunningham. She told him that Lisa Garrett, the property officer, had instructed her to confiscate all multi-outlet plugs because those items were no longer sold in the unit commissary. Three weeks later, on October 7, 2015, Garrett called him to her office and told him that he could not have his plug back because it was engraved with an older prisoner identification number, while Pierce had a newer number. Pierce explained to her that the number engraved on the plug had been his when he was on Death Row, and this number was on every item which he had purchased at the Ellis Unit during the 1990's. He also told her that the property slip verified his ownership. Other property belonging to Pierce which was engraved with his Death Row number was not confiscated.

Pierce states that he sought relief through the TDCJ-CID grievance procedure without success. He contends that Garrett and Cunningham violated prison rules when they confiscated his plug, noting that the confiscation sheet does not reflect a reason for the confiscation. Thus, Pierce maintains that Garrett confiscated his property "without any authority or superior authorizing to deprive Plaintiff of his property, that was authorized via the Head Administration in 1996." He states that prisoners are allowed to have multi-outlet plugs and speculates that his was confiscated so as to force him to buy a new one. For relief, Pierce seeks a declaratory judgment, an order directing the return of his property and the property papers, and reimbursement for court costs.

## II. The Report of the Magistrate Judge

The Magistrate Judge stated that random and unauthorized deprivations of a property or liberty interest do not violate procedural due process if the State provides an adequate post-deprivation remedy. This is known as the *Parratt/Hudson Doctrine*, after the Supreme Court's decisions in *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991). The doctrine applies when the deprivation is unpredictable, pre-deprivation process is impossible, and the conduct of the state actor was unauthorized; when these conditions exist, the State cannot be required to do the impossible by providing pre-deprivation process. *Charbonnet v. Lee*, 951 F.2d 638, 642 (5th Cir. 1992).

In this case, as the Magistrate Judge observed, Pierce asserted that the confiscation of his plug was unauthorized and carried out in violation of prison regulations. The State therefore could not have provided pre-deprivation process. Because an adequate state post-deprivation remedy exists through the TDCJ-CID grievance procedure or the availability of a tort conversion action in state court, the Magistrate Judge concluded that Pierce had not shown a federal constitutional violation and recommended dismissal of the lawsuit.

**III. Pierce's Objections**

Pierce filed two sets of objections to the Magistrate Judge's Report. The first of these was styled a "motion to appeal the finding of the local magistrate's findings in civil action no. 6:17cv518." He contended that the Magistrate Judge had set out "half truths" because Pierce had received answers on both his Step One and Step Two grievances and received responses from the TDCJ-CID Regional Director. Pierce also complained that he feels insulted by the fact that the Magistrate Judge ordered prison officials to continue collecting the filing fee in the lawsuit even while recommending that the lawsuit be dismissed. He contends that this denies his right to be heard in a court of law and to have oral depositions as he had requested. Furthermore, Pierce states that

> In this, Plaintiff's appeal to the local magistrate's finding in Civil Action No. 6:17cv518, Plaintiff clearly identified his Due Process Violation and / or Directives of the Institution, as is an on-going process because the courts refuse to correct these abuses, whereas Defendants had intentionally violated their own directives and / or the U.S. Const. Amend. Due Process Rights of Plaintiff with impunity and at some point, must be held accountable.

Pierce goes on to argue that the Magistrate Judge had recognized that a violation of due process had taken place, but nonetheless ordered him to pay a partial filing fee plus a monthly fee for a case which was dismissed with prejudice. He complains that the Magistrate Judge told him to seek relief in state court when such attempts were already denied, and he does not know what state court he is to seek redress from because no local court clerk would give him the information.

In his second set of objections, Pierce asserts that the Magistrate Judge "should have been removed from deciding this case that she previously dismissed without her [sic] prejudice due to Plaintiff's inability to pay a partial payment fee, after other attempts to dismiss this same action failed." He contends that he attempted to have another Magistrate Judge appointed to the case due to "multiple bias and extreme rulings."

Pierce states that he proved in his original trial, upon his arrest, that he is poor and unable to give security of any kind, or to hire an attorney. The only funds he has at his disposal are non-taxable monies or gifts to purchase minor items out of the unit commissary every three weeks. Nonetheless, these gifted funds are being depleted without giving him the opportunity to show the

Court that his case has merit. He asserts that the Magistrate Judge found his case to be valid even while ruling it should be dismissed with prejudice.

Pierce asserts that the Magistrate Judge was wrong in stating that his complaint is frivolous and fails to state a claim. He again contends that the Magistrate Judge found his claims to have merit and states that he attempted to file in state court but was told that he was time barred. Pierce complains that the Magistrate Judge did not tell him in which state court to file and again maintains that the Magistrate Judge's ruling was "a feeble attempt to exercise a personal bias." He states that he proved that his due process rights were violated, demonstrating that his claims are not frivolous.

**IV. Discussion**

Pierce first complains that the Magistrate Judge required him to pay the filing fee for a case in which dismissal with prejudice was recommended. The Fifth Circuit has held that when an incarcerated individual files an *in forma pauperis* lawsuit, the full amount of the filing fee is due and payable at the moment the lawsuit is filed; the ultimate outcome of the lawsuit has no bearing upon the obligation to pay the fee. *Hatchet v. Nettles,* 201 F.3d 651, 653 (5th Cir.2000). Pierce owed the full amount of the filing fee, $350.00, as of September 11, 2017, the date that his lawsuit was filed, and the Magistrate Judge's subsequent recommendation did not alter this debt. Pierce's objection on this point is without merit.

Pierce next complains that he was unable to obtain relief in state court. He states that he did not know in which state court to file and no state clerks would give him any information, but also says that his attempt to file in state court was denied because he was time barred.

The Fifth Circuit has stated that a state post-deprivation remedy is not inadequate simply because the state court determines that a prisoner has forfeited his right to seek recovery under state procedural laws. *Agim v. Lumpkin*, 35 F.App'x 389, 2002 WL 758, 769 (5th Cir., April 11, 2002). The fact that a prisoner was unsuccessful in a state court filing, or that he may not be able to recover under Texas state remedies the full amount he could receive in a §1983 lawsuit, also does not render state remedies inadequate or unavailable. *Leggett v. Williams*, 277 F.App'x 498, 2008 WL 1984271

4

(5th Cir., May 8, 2008), *citing Holloway v. Walker*, 84 F.2d 1287, 1293 (5th Cir. 1986). Pierce's assertion that he was unable to get relief in state court because his claim was time-barred does not demonstrate that the State post-deprivation remedies were inadequate or that the Magistrate Judge improperly applied the *Parratt/Hudson Doctrine* to his case.

Pierce's pleadings make clear that the deprivation of property of which he complains was random and unauthorized. He specifically states that his property was taken without any authority and without instructions from a supervisor and that the confiscation was done in violation of TDCJ-CID directives. Pierce has offered nothing to show that the Magistrate Judge's application of established Supreme Court precedent amounted to bias, nor that the Magistrate Judge determined that his claim had merit but nonetheless recommended dismissal with prejudice. On the contrary, the Magistrate Judge properly concluded that Pierce's claim of a random and unauthorized deprivation of property did not amount to a violation of procedural due process because the State of Texas provides adequate post-deprivation remedies. *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Pierce's objections are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which

relief may be granted. This dismissal is without prejudice to Pierce's right to seek relief through the legal avenues available to him, including but not limited to the TDCJ-CID administrative procedures or through the Texas state judicial system. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **26** day of **February, 2018.**

                                    Ron Clark, United States District Judge